Harris, J.,
delivered the opinion of the Court.
The defendant in error brought his action of covenant in the Circuit Court of Fayette county; and the cause of action declared on is this: That on the 7th day of August, 1854, one William Campbell was appointed administrator de bonis non of one Henry F. Steele, deceased; that he entered into bond with one George W. Reeves and the defendant, David W. Thomas, as his sureties for the faithful performance of his duties as adminstrator, and that he would “ deliver and pay unto such person or persons respectively as the same shall be due unto.”
The breach assigned is, that the sum of fifteen hundred dollars came to his hands as administrator, which he failed to pay to the persons thereunto entitled, to wit, “the heirs and distributees of the said Henry F. Steele, *413 deceased;” and that afterwards the said William Campbell died, and the plaintiff, J. D. Stanley, was duly appointed administrator de bonis non of the said Henry E. Steele.
To this declaration the defendant demurred. The demurrer was overruled by the Court, and the defendant put in five pleas to the declaration: 1, Covenants performed; 2, No assets ever came to the hands of said William Campbell as the administrator de bonis non of said Henry P. Steele, deceased; 8, Payment; 4, Set-off; and 5, Accord and satisfaction. Upon these several pleas issue was taken. The jury found the issues in favor of the plaintiff. The defendant moved for a new trial and in arrest of judgment, which motions were overruled, an< pealed in error to this Court.
The first question presented is, did the err in overruling the defendant’s demurrer ?
We think he did. This suit is brought bl trator de bonis non against the security of ^former "a< ministrator of the same estate. Can such an aci law be maintained ? We think not. The extent of the power and authority, as well as the duty of an administrator de bonis non is well defined, which is, “ simply to administer such property and effects, not administered by the former representative, as remain in specie, and are capable of being ascertained and identified as the specific property or estate represented by him. Hence it has been held that an administrator de bonis non cannot call the representative of the former executor or administrator to an account for the effects of the estate wasted by the former representative. So far as he administered the estate, he and his securities are liable to the creditors, dis- *414 tributees, or legatees, but not to the administrator de bonis non. 1 Williams on Ex’rs, 788, note 1; 2 Sneed’s R., 653; Scott vs. Alexander. In that case, Scott was the administrator de bonis non of one Quinby: the former administrator on said estate was William Cherry, who died intestate, and Alexander administered on his estate. Cherry in his lifetime, as the administrator of Quinby, collected the sum of $112 50 in money, which was unaccounted for; and at his death he had in his .possession $180 in money, and suit was brought to recover the $112 50. The declaration contained a special count in case and two counts in trover; and on demurrer to the declaration, this Court held that the action could not be maintained. The same principle is fully recognized and approved in the case of Cheek vs. Wheatley, 3 Sneed’s R., 484; and there are other authorities which might be referred to to the same point if deemed necessary.
Then, if an administrator de bonis non cannot maintain his action against the personal representative of the former administrator for that portion of the estate administered by him, for the same reason and upon the same principle he cannot maintain it against the security of the former administrator.
As this question disposes of the case, it is deemed unnecessary to notice the other questions presented in the record.
The judgment of the Circuit Court will be reversed, the demurrer to the declaration sustained, and the suit dismissed.